IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV99-1-MU

| | |
|---|---|
| RAJPUTANA RIDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| KENNETH WHITENER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Preliminary Injunction (Doc. No. 36), filed February 19, 2009.

The standard for evaluating a request for permanent injunction is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F. 2d 189, 193 (4th Cir. 1977). Under this analysis this Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if injunction is denied; (2) the likelihood of harm to the defendant if the relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. See Rum Creek Coal Sales, Inc. v., Caperton, 926 F.2d 353, 359 (4th Cir. 1991). The granting of a permanent injunction is "an extraordinary remedy involving the exercise of very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." Drexel Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992). Plaintiff's assertions based upon the presumed merit of his claims are insufficient to meet his heavy burden and his Motion is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Preliminary Injunction (Doc. No. 36) is **DENIED.**

Signed: March 3, 2009

Graham C. Mullen
United States District Judge